UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JEFFERSON COLE SMELSER** | * | **DOCKET NO. 15-2375** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WRASER, L.L.C., d/b/a WraSer Pharmaceuticals, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### ORDER

Plaintiff Jefferson Cole Smelser filed the above-captioned matter in federal court on the sole basis of diversity jurisdiction. 28 U.S.C. §1332. The diversity jurisdiction statute presupposes a civil action between "citizens of different states." 28 U.S.C. § 1332. Moreover, "*[a]ll* plaintiffs must be diverse in citizenship from *all* defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990) (emphasis added).

In this case, plaintiff Jefferson Smelser appears to be a citizen of Louisiana; whereas, defendant, Heath Wray, appears to be a citizen of Mississippi. (Compl., ¶¶ 1, 3).[1] Defendant, Wraser, L.L.C. is a Mississippi limited liability company. *Id.*, ¶ 3; *see also* WraSer, LLC Lim. Liab. Agreement ("LLC Agreement"); Compl., Exh. A. However, for purposes of diversity, the

---

[1] The complaint alleges the individual parties' residences, rather than their domiciles. *Id*. Of course, for individual parties, the courts have equated "domicile" with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). Moreover, "domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).

citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[2] According to the LLC Agreement and ¶ 5 of the complaint, plaintiff Jefferson Smelser is a member of WraSer, L.L.C. Therefore, plaintiff and WraSer, L.L.C., share common citizenship, thereby precluding complete diversity.

Accordingly, the court is considering dismissing this matter, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).[3] If plaintiff has a good faith argument to support the exercise of subject matter jurisdiction, he may file a memorandum addressing the issue within the next seven days from the date of this order.

In Chambers, at Monroe, Louisiana, this 17th day of February 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Mississippi law, a limited liability company is an unincorporated association. MISS. CODE. ANN. § 79-29-105(o).

[3] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*