UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JEFFERSON COLE SMELSER** | * | **DOCKET NO.  15-2375** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WRASER, L.L.C., d/b/a WraSer Pharmaceuticals, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a notice of intent to dismiss for lack of subject matter jurisdiction. *See* February 17, 2016, Order [doc. # 9]. For reasons stated below, it is recommended that this matter be **DISMISSED**, without prejudice, for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).

## Background

On September 16, 2015, Plaintiff filed the instant diversity suit, 28 U.S.C. § 1332, against Wraser, L.L.C. and Heath Wray. [doc. # 1]. Plaintiff seeks to compel arbitration and to have Defendants pay the balance of the arbitration filing fee pursuant to an Arbitration Agreement. *Id.* Plaintiff Jefferson Smelser appears to be a citizen of Louisiana and defendant, Heath Wray, appears to be a citizen of Mississippi. *Id.*[1] Defendant, Wraser, L.L.C. is a Mississippi limited liability company. *Id.*; see also [doc. # 1-1 ("LLC Agreement")]. However, for purposes of

---

[1] The complaint alleges the individual parties' residences, rather than their domiciles. *Id*. Of course, for individual parties, the courts have equated "domicile" with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). Moreover, "domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).

diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[2] According to the LLC Agreement and ¶ 5 of the complaint, plaintiff Jefferson Smelser is a member of Wraser, L.L.C. [doc. # 1, p. 2]. Therefore, plaintiff and Wraser, L.L.C., share common citizenship (for purposes of diversity), thereby precluding complete diversity.

On February 17, 2016, having observed that the complaint failed to properly allege diversity of citizenship between the parties, the undersigned granted Plaintiff leave to file a memorandum addressing the deficient jurisdictional allegations. [doc. # 9]. The undersigned cautioned that if Plaintiff failed to so comply, dismissal would be recommended. *Id.* Plaintiff having failed to do so, the undersigned is constrained to find that Plaintiff has not satisfied his burden to establish federal subject matter jurisdiction via diversity. *Howery*, *supra*; 28 U.S.C. § 1332. Under these circumstances, where a party has been permitted an opportunity to amend its pleadings to allege the basis for diversity jurisdiction and still fails to do so, dismissal is warranted. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."); FED. R. CIV. P. 12(b)(1).[3]

Accordingly,

---

[2] Under Mississippi law, a limited liability company is an unincorporated association. MISS. CODE. ANN. § 79-29-105(o).

[3] The potential hardship imposed by this dismissal is ameliorated by the court's appreciation that Plaintiff may re-file this matter in state court during the delays associated with this report and recommendation. Such a filing may help to ensure that the state court suit is not plagued by exceptions of prescription. *See* La. Civ. Code Art. 3462; *Breaux v. Vicknair*, 507 So. 2d 1242 (La. 1987).

**IT IS RECOMMENDED** that the instant complaint be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of February 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE